UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No.: 8:24-cr-00071-WFJ-SPF

DEANTHONY FLOWERS

### ORDER ON MOTION TO SUPPRESS

Before the Court is Defendant Deanthony Flowers's Motion to Suppress Any and All Physical Evidence. Dkt. 23. The United States has responded in opposition. Dkt. 30. Upon due consideration, the Court denies Defendant's motion to suppress.

### FACTUAL BACKGROUND

This case arises from a traffic stop that occurred on July 12, 2023. While conducting surveillance in an unmarked vehicle, Lakeland Police Department Detective Brent Behrens observed a silver Mercury sedan fail to come to a complete stop while leaving an apartment complex located at 927 North Iowa Ave. Transcript of Brent Behrens ("Behrens Tr.") on 12/18/2024 at 8:5-9:25. Detective Behrens then observed the vehicle commit a second traffic infraction when it failed to stop before the stop bar line at Iowa Ave and U.S. 92 East. *Id.* at 10:1-11:6. Detective Behrens radioed what he had observed to another Lakeland Police Officer, Joseph Novis. *Id.* at 13:22-14:23.

Based on the information from Detective Behrens, Officer Novis conducted a traffic stop on the Mercury sedan. Transcript of Jospeh Novis ("Novis Tr.") on 12/18/2024 at 28:13-24. Officer Novis observed Defendant Deanthony Flowers as the vehicle's driver and sole occupant. *Id.* at 37:3-9. During the traffic stop, Officer Novis observed a firearm wedged between the driver and middle seats. *Id.* at 35:2-11. As Officer Novis was going to secure the weapon, he also noticed a cigarillo in the ashtray of the vehicle, containing what he knew from his training and experience to be consistent with marijuana. *Id.* at 32:12-33:6. When asked about the marijuana by the officer, Defendant told him a "blunt" would be found in the vehicle. *Id.* at 34:7-11.

The firearm removed from the vehicle was a Glock 31, Gen 4 .357 pistol with a loaded magazine. Dkt. 30 at 2. When Officer Novis determined that Flowers was a convicted felon, Flowers was placed under arrest for possession of a firearm by a convicted felon carrying a concealed weapon and possession of cannabis. Novis Tr. at 36:23-37:2.

## LEGAL STANDARD

The Fourth Amendment of the Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. "We have made clear that '[t]he individual challenging the search bears the burdens of proof and persuasion.'"

*United States v. Mobley*, 808 F. App'x 899, 901 (11th Cir. 2020) (quoting *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998)); *see also United States v. Jackson*, 618 F. App'x 472, 474 (11th Cir. 2015) ("The proponent of a motion to suppress has the burden to allege, and if the allegations are disputed, to prove, that his own Fourth Amendment rights were violated by the challenged search or seizure.").

## DISCUSSION

After reviewing the record, the Court denies Defendant Flowers's motion to suppress. As discussed below, Detective Behrens's communication of two different traffic infractions provided Officer Novis with adequate probable cause to stop Defendant's vehicle.

When an officer conducts a seizure of a vehicle, whether the stop is characterized as a "traffic stop" or a "*Terry* Stop" is irrelevant since the "analytical framework is the same." *United States v. Johnson*, No. 22-12504, 2024 WL 371954, at *3 (11th Cir. Feb. 1, 2024) (citing *Rodriguez v. United States*, 575 U.S. 348, 354 (2015)) (explaining that "a routine traffic stop is 'more analogous to a so-called "*Terry* Stop" . . . than to a formal arrest.'").

> To establish reasonable suspicion, there must be a sufficiently high probability that criminal conduct is occurring to make the intrusion on the individual's privacy interest reasonable. Courts must look at the totality of the circumstances of each case to determine whether the officer had a particularized and objective basis for suspecting legal wrongdoing. The officer must be able to point to specific and

3

>articulable facts which, taken together with rational inferences from those facts, reasonably warrant a stop. Even minor traffic violations qualify as criminal activity to provide an officer with reasonable suspicion to make a stop.

*Id.* at *3 (internal quotation marks and citations omitted).

A traffic stop is constitutional if it is based upon probable cause that a traffic violation has occurred or justified by reasonable suspicion in accordance with *Terry v. Ohio* 392 U.S. 1 (1968). *United States v. Spoerke*, 568 F.3d 1236, 1248 (11th Cir. 2009). "Law enforcement may stop a vehicle when there is probable cause to believe that the driver is violating any one of the multitude of applicable traffic and equipment regulations relating to the operation of motor vehicles." *Id.* (citing *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998)).

Here, Detective Behrens testified that he saw two traffic infractions in violation of Florida's State Uniform Traffic Control Code. First, Detective Behrens observed that Defendant's vehicle failed to stop when exiting an apartment complex and turning onto a public roadway. *See* Fla. Stat. § 316.125(2) ("The driver of a vehicle emerging from an alley, building, private road or driveway within a business or residence district shall stop the vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across the alley, building entrance, road or driveway. . ."). Following this infraction, the detective observed Defendant fail to come to a complete stop before the stop bar line at an intersection when a stop sign is present, another violation of the Florida Traffic Code. *See* Fla. Stat. §

316.123(2)(a) ("[E]very driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop at a clearly marked stop line. . ."). Directly observing both traffic infractions would have provided Detective Behrens with ample probable cause to conduct a traffic stop. *Cooper*, 133 F.3d at 1398.

Additionally, the Court finds that Detective Behrens's testimony was credible based on the Court's personal observation of him at the evidentiary hearing, the fact that his testimony was given under oath and uncontroverted, and the subsequent corroboration by Officer Novis' testimony. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (noting credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony, and the "choice of whom to believe is conclusive on the [reviewing] court unless the judge credits exceedingly improbable testimony").

Defendant argues Detective Behrens's decision to radio his observations to uniformed Lakeland Police officers should be "cause for significant concern." Dkt. 23 at 7. The Court disagrees. As Detective Behrens testified during the hearing, the "fellow officer" rule allows other officers to conduct a traffic stop based on his observations. Behrens Tr. at 12:16-23. Florida's "fellow officer" rule "allows an officer to rely on information supplied by fellow officers in making an arrest." *Yessin v. City of Tampa, Fla.*, 613 F. App'x 906, 907 (11th Cir. 2015) (citing *Voorhees v. State*, 699 So.2d 602, 609 (Fla. 1997)); *see Terrell v. Smith*, 668 F.3d 1244, 1252

(11th Cir. 2012). In other words, "information in the possession of one police officer is imputed to other police officers and an arrest is legal as long as 'the police as a whole were in possession of information sufficient to constitute probable cause.'" *Yessin*, 613 F. App'x at 907. However, the "fellow officer" rule does not apply "[i]f the fellow officer himself lacks probable cause," *Yessin*, 613 F. App'x at 907, or "[w]hen the arresting officer observed the same events as his fellow officer." *Killmon v. City of Miami*, 199 Fed. Appx. 796, 800 (11th Cir. 2006).

Here, there is nothing unlawful about Officer Novis' initial traffic stop when provided with the make, model, and tag number of a vehicle that committed two recent traffic infractions. Novis Tr. at 28:7-24. Officer Novis had probable cause to believe Defendant had committed two traffic infractions based on his fellow officer's (i.e., Detective Behrens) observations.

Finally, during the motion to suppress hearing, defense counsel made it clear the only issue being challenged is the initial traffic stop and the credibility of Detective Behrens. Novis Tr. at 51:22-55:1. Defense is not challenging Officer Novis' subsequent search of Defendant's vehicle. Regardless, the Court also finds Office Novis had ample probable cause to search the vehicle based on the well-established automobile exception. *United States v. Gant*, 756 F. App'x 898, 899–900 (11th Cir. 2018) (citing *United States v. Lindsey*, 482 F.3d 1285, 1293 (11th Cir. 2007)) ("The automobile exception allows the police to conduct a search of a vehicle

6

if (1) the vehicle is readily mobile; and (2) the police have probable cause for the search."). Officer Novis' probable cause stems from the observation of a firearm in plain view and the odor of marijuana emanating from the vehicle. *See Spoerke*, 568 F.3d at 1249 (finding probable cause for a warrantless search when the officer observed contraband in plain view in the vehicle); *United States v. Tobin*, 923 F.2d 1506, 1512 (11th Cir. 1991) ("There is no doubt that the agent's suspicions rose to the level of probable cause when, as the door stood open, he detected what he knew from his law enforcement experience to be the odor of marijuana.").

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant Deanthony Flowers's Motion to Suppress, Dkt. 23, is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida, on January 10, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record